GRIFFIN, J.
In this unusual termination of parental rights appeal, C.B., the mother [“the mother”], appeals the 'final judgment terminating the parental rights of the biological father, B.C. Although the mother was the petitioner seeking termination of his parental rights, and the court did order termination of the father’s parental rights, the mother complains of the way in which it was done.
The underlying facts in this case are not in dispute. The child, S.A.C., was born in Longwood, Florida, on February 24, 1997. Her natural father, B.C. [“the father”], was convicted of molesting his stepdaughter, S.C.’s half-sister. The information in the father’s case showed that he was charged with having intercourse with his stepdaughter when she was twelve and thirteen years old on at least two occasions between 1999 and 2000. At the time, he was living in the home and acting as her parent. The father also confessed to molesting S.A.C., who was three or four years old at the time. He pled no contest to the charges regarding his stepdaughter in return for an agreement that the State *848 would not file any further charges relating to either the stepdaughter or S.A.C. The father was sentenced to eleven years in prison, and is expected to be released no sooner than 2010. The father was also designated as a sexual predator.
The mother filed a petition to terminate the father’s parental rights pursuant to section 39.806(l)(d), Florida Statutes (2002), based on the acts detailed above. After the petition was filed, the father executed a voluntary surrender of his parental rights to S.A.C.
At a hearing on the petition, the mother requested that the termination order include language specifying that grounds for termination included the fact that the father was a sexual predator and had committed a sexual battery. The father objected to the inclusion of that language, claiming it was vindictive and unnecessary because there was already an order in the father’s criminal file designating him as a sexual predator. He also urged that the court was only required to find one ground to terminate, which should be the father’s voluntary relinquishment of his parental rights. The trial court ordered the mother’s counsel to submit an order based solely on the father’s voluntary surrender, which the court found was a legally adequate basis for termination of the father’s rights.
Voluntary surrender is one of the statutory grounds that will support the termination of parental rights. § 39.806(l)(a), Fla. Stat. (2002). Section 39.806(l)(a), Florida Statutes (2002), provides:
(1) The department, the guardian ad litem, or any person who has knowledge of the facts alleged or who is informed of those facts and believes that they are true may petition for the termination of parental rights under any of the following circumstances:
(a) When the parent or parents have voluntarily executed a written surrender of the child and consented to the entry of an order giving custody of the child to the department for subsequent adoption and the department is willing to accept custody of the child.
Because the statute conditions voluntary surrender on acceptance by the Department of Children and Families [“DCF”], the mother urges that she stands in the shoes of DCF in a case such as this, and in that capacity had the same discretion to determine whether to accept the father’s voluntarily surrender. Because she chooses not to accept the father’s voluntary surrender, she claims that the trial court improperly terminated the father’s parental rights based on this ground. The mother similarly argues that the only proceeding before the court is the involuntary proceeding commenced by her under subsection (d) and that neither the father nor the court can convert it into a subsection (a) voluntary proceeding against her wishes.
Although section 39.806(1) is unhelpful, there are two rules of juvenile procedure that speak to a parent’s voluntary relinquishment of parental rights in the course of a termination proceeding. Florida Rule of Juvenile Procedure 8.500(g) provides:
(1) The parents of the child may consent to the petition for termination of parental rights at any time, in writing or orally, on the record.
* * *
(3) If the parents appear and enter an oral consent on the record to the termination of parental rights, the court shall determine the basis upon which a factual finding may be made and shall incorporate these findings into its order of disposition.
Florida Rule of Juvenile Procedure 8.520(c) says:
If the parent appears and enters a plea of admission or consent to the termi *849 nation of parental rights, the court shall determine that the admission or consent is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of the plea and that the parent has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order of disposition, in addition to findings of fact specifying the act or acts causing the termination of parental rights.
[Emphasis added.] As we read these two rules, the mother appears to be correct that when a parent voluntarily consents to termination in the course of an involuntary proceeding, the court in its order of termination must identify “the act or acts” causing termination. Fla. R. Juv. P. 8.520(c). This rule was amended in 2000 specifically to add the “act or acts” language. Amendments to the Rules of Juvenile Procedure, 783 So.2d 138, 190-91 (Fla.2000). Under the rule, it is not sufficient for the court simply to identify the consent as the “act or acts” supporting termination. The structure of the rule as amended suggests that the court must make findings to establish the validity of the consent and identify the conduct that led to the termination. This appears to be analogous to the requirement that the criminal court, in taking a plea, ascertain its factual basis. Fla. R.Crim. P. 3.170(k).
Accordingly, we vacate the appealed order and we remand this case to the trial court to identify the “act or acts” of the father that support termination.
ORDER VACATED and REMANDED.
MONACO, J., and NICHOLS, III, . A.W., Associate Judge, concur.